CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 18 2005
JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT KENNEDY, JR., #09197-084, ) | | Criminal Action No. 4:01-CR-70025 |
|     Petitioner, ) | | Civil Action No. 7:05-CV- _00302_ |
| ) | | |
| v. ) | | **MEMORANDUM OPINION** |
| ) | | |
| UNITED STATES, ) | | By: Hon. Norman K. Moon |
|     Respondent. ) | | United States District Judge |

Petitioner Robert Kennedy, Jr., a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Kennedy claims that his petition is timely as a result of newly discovered evidence and new constitutional rules. However, because Kennedy's conviction became final more than three years ago, and his arguments concerning timeliness are unpersuasive, his motion must be dismissed.

### I. Procedural History

On August 15, 2001, a jury in the United States District Court for the Western District of Virginia found Kennedy guilty of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and two counts of distribution of narcotics, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). On January 9, 2002, the court sentenced Kennedy to 420 months on the conspiracy count, and 360 months on each of the distribution counts, with all sentences to run concurrently. Kennedy appealed his conviction to the Court of Appeals for the Fourth Circuit, which affirmed Kennedy's conviction on September 23, 2002. Kennedy did not file a petition for a writ of certiorari with the Supreme Court.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from

the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). Kennedy's conviction became final over two years ago, when the ninety-day period in which to petition for a writ of certiorari expired. See Sup. Ct. R. 13(1).

## II. Analysis

In claim 1, Kennedy alleges that William Brown and Stacey Lamont Hamlett provided perjured testimony at Kennedy's trial. Kennedy claims that during the May 10, 2004 trial of Tyrone Robertson, the two witnesses recanted testimony originally used to convict Kennedy.

Kennedy states that "Brown conceded that [Brown] lied at [Kennedy's] trial about the time frame when occurred [sic] the events of a drug connection in North Carolina." However, the transcript, to which Kennedy directs the court's attention, indicates the following:

Cross Examination of Mr. Brown:

Q. And this claim about the Hernandezes, all of your dealings with the Hernandezes, was you directly dealt with this Hernandez brother team, you're talking about?
A. Me and Johnny Rice.
Q. And you told the jury that it was around '95 that you developed that connection; is that right? Is that your recollection today?
A. It was, yes, sir, around '95. Yes, sir, it was right after Tyrone lost his connection out of New York.
Q. Do you remember testifying in the Robert Kennedy trial?
A. Yes, sir.
. . .
Q. Were you asked by Mr. Mott [the AUSA trying the case] whether you had developed a reliable source with Tony and Chris Hernandez out of North Carolina, and I'm looking at page 12 and 13 of your transcript here.
. . .
A. Yes, sir.
Q. And at that time you told them it was 1997; isn't that right, sir?
A. Yeah, but it all started back in '95. That's what we was [sic] referring back to, because this Mike Blankenship that we're talking about came up with nine

2

> keys and it all started at that particular time, so the time frame, it does fit. I mean, it goes back from - -
>
> Q. The answer at that time, Mr. Brown, was that it started in '97.
> A. It says now around '97.
> Q. Give or take two years, is that what you're saying today? Give or take two years?

Robertson Trial Tr. May 10, 2004 at 54-55.

Contrary to Kennedy's contention, Brown does not concede that he lied during his testimony in Kennedy's case. Brown states that the drug connection with the Hernandezes started in around '95 and that "around '97" includes '95. Even if Brown did in fact lie, Kennedy has not alleged that the statement was material to the case against Kennedy. Brown does not even mention Kennedy in this testimony, which concerned when Brown and Rice started dealing with the Hernandez brothers. Instead, Kennedy alleges that this alleged lie serves to invalidate all of Brown's testimony. However, Kennedy provides no reasonable support for such a proposition. Kennedy has not alleged facts suggesting that Brown lied about any material fact during his testimony in Kennedy's case.

Kennedy also alleges that "the testimony of Stacey Lamont Hamlett was discreditted [sic] by the jury which ultimately acquitted Robertson." Kennedy appears to be claiming that if a witness testifies in two separate trials and one defendant is acquitted, then the other defendant must also be acquitted and the witness of necessity lied. Kennedy does not explain the foundation of this novel legal theory, nor is this court persuaded by its logic.

### B. Shepard Claim

In claim 2, Kennedy alleges that the court enhanced Kennedy's sentence based on a prior

3

conviction. Kennedy claims that in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (Mar. 7, 2005), the Supreme Court created a new constitutional rule requiring a court to rely solely on "judicial documents that memorialize the facts found by the jury or admitted by the defendant" in determining whether or not a prior conviction met the statutory requirements for enhancing a sentence. Kennedy argues that although the prosecution in his own case presented an official court certificate, that certificate did not conclusively prove, on its own, that Kennedy was the defendant in the earlier case.

Even assuming that <u>Shepard</u> is retroactive to cases on collateral review, which is at best a dubious assumption, Kennedy fails to explain what <u>Shepard</u> has to do with Kennedy's case. <u>Shepard</u> dealt with determining if the predicate offense (burglary) fell within the class of offense that could be used to enhance a sentence (violent felonies). Kennedy does not argue that his 1982 conviction does not fall within the class of offenses that could enhance his sentence. Instead, Kennedy appears to be arguing that a jury must find beyond a reasonable doubt, or the defendant must admit, that the defendant in a criminal case is the same person who, some time in the future, will have his sentence enhanced based on the offense currently before the jury. Then, that finding must be memorialized in a judicial document in order for the offense to be used later on to enhance a sentence in a different case.

The Court in <u>Shepard</u> did not address the standard of proof necessary to determine if the defendant was the same person who committed an earlier crime. Therefore, <u>Shepard</u> is not applicable to Kennedy's case. It appears that Kennedy is, in fact, attempting to make a claim based on <u>United States v. Booker</u>, 125 S. Ct. 738 (Jan. 12, 2005). However, as stated below, such a claim would be without merit. <u>See infra</u> Part II.D.

### C. Crack vs. Cocaine Base

In claim 3, Kennedy alleges that "crack" and "cocaine base" are not the same. However, Kennedy does not allege that the Supreme Court created a new constitutional right with respect to the definition of crack cocaine. In addition, Kennedy's argument is in direct conflict with Fourth Circuit precedent. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) (holding that cocaine base includes crack cocaine); United States v. Pinto, 905 F.2d 47, 49 (4th Cir. 1990) (same).

### D. Booker Claim

In claim 4, Kennedy alleges that his conviction violates the rule in Booker. However, this court has previously held that Blakely v. Washington, 124 S. Ct. 2531 (2004) does not apply retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). The analysis in Lilly applies equally to Booker. Therefore, Booker does not apply retroactively to Kennedy's case.

### III. Conclusion

Kennedy's claim that newly-discovered evidence proves that key witnesses lied at Kennedy's trial is without foundation. Even if the allegations were true, Kennedy has not alleged that the alleged lies were material, or that the jury was actually swayed by the alleged lies. Kennedy's other claims are without merit because the rule in Shepard does not impact Kennedy's case, the rule in Booker is not retroactive to cases on collateral review, and Kennedy has not alleged that his crack-versus-cocaine-base argument is based on a newly recognized

constitutional right. Because Kennedy's petition is untimely, the court must dismiss his petition.

An appropriate order will be entered this day.

      **ENTER**: This ___18th___ day of May, 2005

                                                           UNITED STATES DISTRICT JUDGE