IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROBERT KENNEDY, JR.,       )
     Petitioner,          )     Civil Action No. 7:05-CV-00302
                      )
v.                     )     **MEMORANDUM OPINION**
                      )
UNITED STATES,         )     By: Hon. Norman K. Moon
     Respondent.        )     United States District Judge

Petitioner Robert Kennedy, Jr., a federal inmate proceeding pro se, brings this motion for a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(1)(B). In his petition, Kennedy claims that this court erred in dismissing his motion to Vacate, Set Aside, or Correct Sentence on May 18, 2005. Under 28 U.S.C.A. § 2253(c)(2), the petitioner must make "a substantial showing of the denial of a constitutional right." Kennedy has not shown that reasonable jurists would find his constitutional claims to be debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Therefore, the court denies Kennedy's motion for a certificate of appealability.

In his motion, Kennedy continues to allege that Brown lied at Kennedy's trial as evidenced by Brown's testimony at the trial of Tyrone Robertson. However, Kennedy fails to explain the relevance of the fact that during Robertson's trial Brown stated that the conspiracy started in 1995, while at Kennedy's trial Brown stated that the conspiracy started around 1997. In his original motion, Kennedy suggested that the fact that Brown lied about one thing suggests that he lied about other things. However, because Kennedy has not proven that Brown lied about anything at Robertson's trial, his contention is without merit. Kennedy's current contention that Brown was neither at a specific meeting nor ever deal with Kennedy is unsupported by any evidence presented in the original motion.

Kennedy also alleges that in order to enhance his sentence based on a prior conviction,

Shepard v. United States, 125 S. Ct. 1254 (Mar. 7, 2005) requires a defendant to admit, or a jury to find beyond a reasonable doubt, that the defendant is the same person who was convicted of committing the prior crime. However, Sheppard does not address the issue presented by Kennedy, but instead deals with determining whether a prior conviction falls into a certain category of offenses.

Kennedy continues to allege that he was selling cocaine base and not crack cocaine. However, there is no fundamental distinction between the two in the Fourth Circuit. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997) (holding that cocaine base includes crack cocaine). Kennedy has not shown that the law has changed in reference crack cocaine, therefore his claim is time-barred.

In his final two claims, Kennedy alleges that Booker v. United States, 125 S. Ct. 738 (Jan. 12, 2005) is retroactive to cases on collateral review because it is not a new rule, but instead applies existing precedent. However, under Kennedy's own logic, he is not entitled to relief. If Booker is not a new rule, then it does not restart the one-year limitation period under 28 U.S.C. § 2255 para.6. Therefore, based on Kennedy's own admissions, his motion is time-barred.

Kennedy's claim that newly-discovered evidence proves that key witnesses lied at Kennedy's trial is without foundation. Even if the allegations were true, Kennedy has not alleged that the alleged lies were material, or that the jury was actually swayed by the alleged lies. Kennedy's other claims are without merit because the rule in Shepard does not impact Kennedy's case, the rule in Booker is not retroactive to cases on collateral review, and Kennedy has not alleged that his crack-versus-cocaine-base argument is based on a newly recognized constitutional right. Because Kennedy's initial petition was untimely, the court must deny his motion for a certificate of

2

appealability. An appropriate order will be entered this day.

ENTER: This _____21st_____ day of July, 2005

_____
UNITED STATES DISTRICT JUDGE

3